Zavodnick, Perlmutter & Boccia, LLC
Mitchell D. Perlmutter, Esq. #022991993
Attorneys for Creditors, Armando Flores & Melinda Flores
26 Journal Square, Suite 1102
Jersey City, New Jersey 07306     Hearing Date: 06/19/2018 at 10:00 a.m.
(201) 653-1155

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

———————————————————x

In Re:                          Case No. 16-15598-SLM
                                Chapter 7

38-36 Greenville Avenue LLC

        Debtor,

———————————————————x

CERTIFICATION OF MITCHELL D. PERLMUTTER, ESQ.

        I, MITCHELL D. PERLMUTTER, ESQ., of full age certify

that:

        1. I am an attorney at law of the State of New Jersey

and am entrusted with the handling of the within matter.

        2.   I tried the matter of <u>Flores v. Browning</u>, et.

al., Superior Court of New Jersey, Docket No. HUD-L-3486-13,

which resulted in a substantial verdict against defendant, 38-36

Greenville Avenue, LLC.

        3.   This matter was tried to jury verdict on during

October and November 2015.

        4.   Prior to the instant objection of the debtor, my

clients were not aware of the actions of Robert Browning to have

his conviction overturned.

        5.   The issue of Browning's conviction was presented

to the civil jury, but Browning was allowed to testify that he

1

took the plea for reasons other than his guilt. (Exhibit A, Transcript of Trial, October 29, 2015, 132:8-136:5).

6.    Browning was also able to testify that he bit the nose of Armando Flores in self-defense. (Exhibit B, Transcript of Trial, October 28, 2018, 117:18-121:20)

7.    Liability was not presumed against Browning despite our requests that it should be based on his plea and the plaintiffs/creditors had to prove liability as to Browning. (Exhibit C, Transcript of Trial, October 26, 2015, 10:2-14:16).

8.    The jury rejected Browning's argument.  There was powerful evidence that Browning had a violent nature, well known to the debtor, and that he did not need to bite the nose off of Mr. Flores.

9.    The very late action by Browning to overturn his criminal conviction, to which knowingly pleaded, seems, at best, a quixotic and desperate move to avoid what justice has rendered.

10.    Debtor now provides the certification of Browning in which he states that "Had I been found not guilty in the Criminal Action, the jury in the Civil Action would not have jumped to the conclusion that I was liable."  (See Browning Certification at Paragraph 9).

11.    This matter was presented to a jury over the course of several days with multiple witnesses.  There is no way

for the creditor to substantiate the argument that any issue dealing with whether or not Mr. Browning was convicted of a crime would have affected the jury verdict given the weight of the evidence.

12.   Similarly, there is no support for the claim by debtor's counsel that "Should Mr. Browning be found not liable in the Civil Action, the Debtor will not be liable as well. Creditors' judgment against the Debtor will be vacated." (See Tung Certification at Paragraph 8).   This is nonsense.   Even if somehow Browning could overturn his conviction, which is beyond doubtful, this provides no basis for the conclusion that it would void the civil judgment.   The whole notion is preposterous, especially in light of the fact that Browning presented evidence in the civil trial that he pleaded guilty for reasons other than his actual guilt.

13.   The present objections should be rejected by the court and the trustee's motion should be granted.

I certify that the foregoing statements made by me are true.   I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ZAVODNICK, PERLMUTTER & BOCCIA, LLC
Counsel for Creditors Armando
Flores and Melinda Flores

By:

Mitchell D. Perlmutter, Esq.

Dated:     June 13, 2018

**EXHIBIT A**

```
1                          SUPERIOR COURT OF NEW JERSEY
                           LAW DIVISION: CIVIL PART
2                          HUDSON COUNTY, NEW JERSEY
                           DOCKET NO.: HUD-L-003486-13
                           A.D. # A-001699-15-T2
3    ARMANDO F. FLORES AND      )
     MELINDA FLORES,            )
4                               )
            Plaintiffs,         )
5                               )          TRANSCRIPT
            vs.                 )             OF
6                               )            TRIAL
     ROBERT BROWNING, ET AL.,   )
7                               )
            Defendants.         )
8                          Place: Hudson County
                                  Administration Building
9                                 595 Newark Avenue
                                  Jersey City, NJ 07306
10                         Date: October 29, 2015
                                 Volume 1 of 2
11                               Pages 1 - 200

12   BEFORE:

13       HONORABLE JEFFREY R. JABLONSKI, J.S.C. AND JURY

14   TRANSCRIPT ORDERED BY:

15       KEVIN K. TUNG, ESQ., (Kevin Kerveng Tung, PC)

16   APPEARANCES:

17       MITCHELL D. PERLMUTTER, ESQ., (Zavodnick,
         Perlmutter & Boccia, LLC)
17       Attorney for the Plaintiff.

18       KEVIN K. TUNG, ESQ., (Kevin Kerveng Tung, PC)
         Attorney for the Defendant, 38-36 Greenville
19       Avenue, LLC.

20       ROBERT BROWNING
         Defendant, Pro Se.

21

22                         Transcriber Kristin Giangerelli
                           King Transcription Services, LLC
23                         3 South Corporate Drive, Suite 203
                           Riverdale, New Jersey 07457
24
                           Audio Recorded
25                         Recording Opr: Ashley Morris
```

2

1                        I N D E X

2

3    PROCEEDING                              PAGE

4

5    Trial                                   5

6

7    Motion to Dismiss                       100

8    Arguments

9         By Mr. Tung                        100

10        By Mr. Perlmutter                  105

11   The Court's Decision                    107

12

13   Application for a directed verdict      154

14   Arguments

15        By Mr. Perlmutter                  154

16        By Mr. Tung                        155

17   The Court's Decision                    156

18

19   Proposed charges                        166

20

21

22

23

24

25

132

1   evidence.

2          MR. BROWNING:    -- treated fairly.    Okay, --

3          THE COURT:    Okay.

4          MR. BROWNING:    -- because I wasn't given that

5   opportunity, that was my point.

6          THE COURT:    Okay.

7   BY MR. BROWNING:

8   A    As far as the criminal settlement goes -- okay,

9   you saw the pictures of -- from Mr. Flores -- okay.    He

10  was hurt badly.    I agreed to a settlement because I

11  didn't want to take the risk of a -- jury sending me to

12  jail for eight years.    That's what I was up against.

13  There's a statutory minimum for aggravated assault

14  that's eight years.    I was offered the plea.    The plea

15  -- my conditions of the plea -- this is what I set out

16  as my conditions to accept a felony assault --

17          MR. PERLMUTTER:    I'm -- I'm going to --

18  A    -- con --

19          MR. PERLMUTTER:    -- object.

20          THE COURT:    One second, Mr. Browning.    What's

21  your objection?

22          MR. PERLMUTTER:    He pleaded guilty and so to

23  go back now and undo the record where he's already

24  pleaded guilty -- and that record's been introduced

25  into evidence -- is -- is -- is not appropriate.    It's

133

1    not -- he can't undo what's -- he's already said --

2          MR. BROWNING:  It was a negotiated

3    settlement.

4          MR. PERLMUTTER:  -- in the record.

5          MR. BROWNING:  There was a negotiated --

6          THE COURT:  Hang on one second, Mr. --

7          MR. BROWNING:  -- plea.  I want --

8          THE COURT:  -- Mr. -- Mr. --

9          MR. BROWNING:  Okay.

10          THE COURT:  -- just one second; okay?  The

11   transcript of the plea is P-58 and is not in evidence

12   at this point.  You can certainly cross-examine on it.

13   Mr. -- Mr. Browning is explaining to the jury what his

14   thought process -- I'm gathering --

15          MR. BROWNING:  Right.

16          THE COURT:  -- what his thought process was

17   in accepting the plea.

18          MR. BROWNING:  Right.

19          THE COURT:  It's certainly relevant

20   testimony.  Your objection's overruled.  Mr. Browning,

21   why don't you go ahead and continue, sir.

22   BY MR. BROWNING:

23   A    Okay, so that's what I was up against, a potential

24   eight-year criminal -- criminal conviction versus what

25   I was looking for as a minimum compromise.  I wanted to

1   pay no money and I wanted no jail time.  Otherwise I

2   would have gone to trial.  The Pro -- the Prosecutors

3   and Mr. -- Mr. Flores and Mrs. Flores, they agreed to

4   my conditions.  I settled my differences with them

5   peacefully; okay?  And as far as I knew, I never knew

6   that we were going to come in here civilly.  I agreed I

7   would not have to pay any money.  If they wanted money,

8   they should have -- they should have gone to trial in

9   the criminal court.  They could have got a conviction,

10  a -- a jail term for me and money.  They could have got

11  whatever they --

12            THE COURT:  Yes, Mr. Browning, I do need to

13  correct the record.  Now, ladies and gentlemen, the

14  resolution of a criminal case and the ultimate

15  resolution of a criminal case is for a Judgment of

16  Conviction or an acquittal based upon the allegations

17  that are made.  Criminal courts are not courts of --

18  for which compensatory damages or punitive damages or

19  any sort of damages can be awarded.  It is, as I said,

20  a completely separate division with a completely

21  separate goal.  So, Mr. Browning, I don't mean to be

22  overly critical of you.  It --

23            MR. BROWNING:  That's fine.

24            THE COURT:  -- it's an incorrect statement

25  that I need to correct before --

1       MR. BROWNING:  All right, I --

2       THE COURT:  -- the jury with re --

3       MR. BROWNING:  -- I would just like to add

4   one other point.

5       THE COURT:  -- with re -- and just let me

6   finish -- with regard to the ability of a criminal

7   defendant or a victim of -- of crime or complaining

8   witness to obtain any money as a result of a criminal

9   conviction.  That would be a misstatement of the law;

10  go ahead, Mr. Browning.

11  BY MR. BROWNING:

12  A    During my plea negotiation, plea settlement,

13  period, I would go to the court a number of times and

14  the attorneys would discuss the case with -- with each

15  other.  And each and every time my -- my lawyer would

16  come back to me and ask they want money, they want

17  money, they want money.

18      MR. PERLMUTTER:  Objection.

19      THE COURT:  Overruled.  It's what Mr.

20  Browning believes was -- occurred.

21  BY MR. BROWNING:

22  A    All right, so I -- I -- I'm not going to agree to

23  pay somebody something I don't have.  So I had to stand

24  my ground on that.  And -- and they agreed to it.  They

25  accepted my conditions.  I thought it was in -- in my

1   best interest.  My lawyer advised me to take the plea.

2   He's -- he's a very nice guy.  He's been doing this job

3   for 30 years.  He's a public defender for 30 years.  I

4   trusted him.  I trusted his instinct and I followed his

5   advice.  And that's pretty much all I want to tell you.

6         THE COURT:  Thank you, Mr. Browning.  No, no,

7   stay -- stay where you are, sir.

8         MR. BROWNING:  Okay.

9         THE COURT:  Mr. Tung, do you have any

10  questions?

11        MR. TUNG:  No.

12        THE COURT:  Okay, Mr. Perlmutter?

13  CROSS-EXAMINATION BY MR. PERLMUTTER:

14    Q    Mr. Browning, you had an experienced criminal

15  defense attorney to defend you in the criminal matter

16  connected to this -- this case; correct?

17  A    Yes, I did.

18    Q    You understood that based on his advice, you

19  could be convicted in a criminal court for aggravated

20  assault based on a higher standard of evidence that we

21  have to prove with plaintiffs in a civil case; correct?

22  A    He didn't explain that to me; no.

23    Q    All right, you understood that you were

24  pleading guilty and giving up your right to trial.  We

25  went over this in your testimony; correct?

137

1   A    That is correct.

2        Q    All right, and you voluntarily pleaded

3   guilty; correct?

4   A    I'm here to explain the conditions of the

5   agreement.

6        Q    Do you understand that you told the judge

7   that you were voluntarily pleading guilty to the

8   criminal charge of aggravated assault on Mr. Flores on

9   January 28th, 2013?

10  A    Compromise is a part of life.

11       Q    All right, so you -- you -- you think the

12  only reason a man who gets his -- his nose bit off does

13  anything is to get money as though he submitted to you

14  --

15  A    Well we're here in court --

16       Q    -- to get his --

17  A    -- we're here in court --

18       Q    -- hold on.

19  A    -- for a reason; aren't we?

20       THE COURT:  Now, Mr. -- Mr. Browning --

21       Q    He submitted to you so you could bite his

22  nose off so he could seek money, that was his plan?

23  A    I don't know how you see things that way.

24       MR. PERLMUTTER:  I -- I -- I -- Your Honor, I

25  thought the plea was entered into evidence.

**EXHIBIT B**

```
1                                SUPERIOR COURT OF NEW JERSEY
                                 LAW DIVISION, CIVIL PART
                                 HUDSON COUNTY
2                                DOCKET NO. HUD-L-003486-13
                                 A.D. # A-001699-15-T2
3
   ARMANDO F. FLORES AND      )
4  MELINDA FLORES,            )
                              )
5           Plaintiffs,       )        TRANSCRIPT
                              )           OF
6       vs.                   )        TRIAL
                              )
7  ROBERT BROWNING, ET AL.,   )
                              )
8           Defendants.       )

9                                Place:  Hudson Cty. Courthouse
                                         595 Newark Avenue
                                         Jersey City, NJ  07306
10
                                 Date:   October 28, 2015
11

12 BEFORE:

13   HONORABLE JEFFREY R. JABLONSKI, J.S.C. and a Jury

   TRANSCRIPT ORDERED BY:
14
     KEVIN K. TUNG, ESQ. (Kevin Kerveng Tung, P.C.)
15
   APPEARANCES:
16
     MITCHELL D. PERLMUTTER, ESQ. (Zavodnick, Perlmutter
17   & Boccia, LLC)
     Attorney for the Plaintiff

18   KEVIN K. TUNG, ESQ. (Kevin Kerveng Tung, P.C.)
     Attorney for the Defendant 38-36 Greenville Avenue,
19   LLC)

     ROBERT BROWNING, Pro Se
20   For the Defendant

21
                                 Diane Tillson
22                               KING TRANSCRIPTION SERVICES
                                 3 South Corporate Drive
23                               Suite 203
                                 Riverdale, New Jersey  07457
                                 (973) 237-6080
24
                                 Audio Recorded
25                               Recording Operator: A. Morris
```

1    friends were in front of the house and I got angry.  I

2    explained to you I got angry and I yelled and I cursed.

3    They started coming towards me.  I got into my car, I

4    didn't want to fight.  I got into my car, I wanted to

5    drive away.  I didn't want to fight with these people.

6    I'm driving by and they hit the glass mirror on the

7    passenger side and they broke it.  I stopped the car,

8    got out, I had a hammer beside me, I took the hammer

9    and I smashed the friend's windshield and then I drove

10   away.  I did not like people damaging my property.

11   They had no reason to damage my property.

12              Should I talk about the August stuff?

13              THE COURT:  Whatever you'd like.

14              THE WITNESS:  Can I continue with that, the

15   August --

16              THE COURT:  You want to move onto another

17   topic, the August incident?

18              THE WITNESS:  That was -- that was the April

19   event.  In August I went over there to move the

20   furniture, okay.  I seen the son in there and I -- in

21   front of the house and he was cleaning the car and made

22   me nervous.  I didn't know what they were going to do.

23   I began moving items out.  There was three mattresses

24   and a table and some chairs, I think.  I piled

25   everything into the pick up truck.  I went to the

118

1  truck.  I told Quan I'll meet you in the truck.  She

2  was going to lock everything up.  I went to the truck

3  and I'm right beside the door, the truck was double

4  parked.  I'm right beside the door, went to stick my

5  hand in my pockets to get my keys to go into the car

6  and Flores was by the front bumper with a baseball bat.

7  He said to me -- I didn't say anything to him, at this

8  point.  He said to me, you like breaking windows?  He

9  had the bat in his hand and he pushed the bat to my

10  stomach.  I grabbed the bat and I pushed back and he

11  was struggling, struggled for the bat.  His son tripped

12  me from behind.  He was behind me, he tripped me as I

13  was struggling.  I lost my balance.  I was falling

14  forward.  I let go of the back.  I reached -- I reached

15  for Flores, reached for him to -- because I'm falling

16  forward.  I reached for him, he's right in front of me.

17  I grabbed for him, he fell, I fell right on top of him.

18  I wanted to get up.  I put my hands beside me, tried to

19  arrange myself up, I couldn't.  I was being hit from

20  Flores underneath and from the son on top.

21       All right.  Now, at first I thought they

22  would hit me a little bit, you know, and that would be

23  the end of it, you know, they hit me a few times.

24  Usually these things, they hit you a few times and they

25  get tired of hitting you, you know, it's over.  It

119

1    didn't.  It didn't.

2         MR. PERLMUTTER:  Your Honor, I have an

3    objection.

4         THE COURT:  What's your objection?

5         MR. PERLMUTTER:  He's already pled guilty to

6    all the elements of the crime, thus, the underlying

7    civil claim and so this -- this aspect of things is

8    really not part of this case, should not be part of

9    this case.

10         THE COURT:  Mr. Tung, anything you want to

11    say?

12         MR. TUNG:  Your Honor, the jury should be

13    heard about what actually had happened.

14         THE COURT:  I agree.  I'm going to overrule

15    the objection.  We heard Mr. Flores' side.

16         MR. TUNG:  Mr. Browning, can you move the

17    microphone closer to you because, I mean, we have a

18    problem to hear you.

19         THE WITNESS:  Okay.

20         THE COURT:  I'll tell you what, Mr. Browning,

21    just keep that part, the black mic, just tip it down

22    towards you just a little bit.

23         MR. TUNG:  In front of you.  Yeah, yeah, in

24    front, just move it closer.

25         THE COURT:  Mr. Tung, I've got it, sir,

1   thanks.

2          MR. TUNG:  I'm sorry.

3          THE COURT:  Okay.  Just take it down toward

4   you, okay, and that will amplify your voice a little.

5   That's fine, okay, and just keep your voice up just a

6   little bit.  That's okay.  Yes, if you just keep your

7   voice up a little bit it will pick it up.

8          THE WITNESS:  Okay.

9          THE COURT:  It's pretty sensitive.  All

10  right, thank you.  Okay, so you were explaining

11  the --

12          THE WITNESS:  Okay, right now I'm sandwiched

13  between the father, he's on the ground, I'm lying on

14  top of him, and the son is on top of me and he's --

15  he's hitting me and I can't get up.  So, I thought, all

16  right, they would hit me a little bit and that would be

17  the end of it, but it didn't stop.  It went on for a

18  long, long time and they weren't losing any strength.

19  It wasn't, like, they were getting tired or anything

20  like that.  It continued to the point where I came --

21  became -- started to feel afraid for my life.  A jolt

22  of panic hit me.  I says, they're going to end up

23  killing me, I've got to do something and I -- I bit --

24  I bit the guy's nose off, but after I did that that

25  wasn't enough to stop them.  They continued, they

1   continued hitting me and he said, he bit my nose off

2   and he started hitting me even harder, even harder.

3          It stopped when I heard a young girl's voice

4   saying the police are coming.  I didn't know who she

5   was, okay.  The police asked me, I didn't know who she

6   was, but they stopped.  As soon as they heard that they

7   stopped.  They -- the son pushed me off the father and

8   kicked me in my side and I just laid there and I

9   remember feeling my nose filled with blood and looking

10  down on the sidewalk beside my head and the blood was

11  this much, in a puddle.  Finally, after minutes, I was

12  able to get to my feet.  I was very angry.  I cursed at

13  him.  I cursed them, I cursed her, I cursed the

14  daughter, I cursed all of them.  There was a different

15  way to deal with this.  They didn't have to do this to

16  me.  I'm no angel, I didn't do everything right but

17  they didn't have to do this to me.  That's all, Judge.

18          THE COURT:  Okay, anything more you want to

19  say?

20          THE WITNESS:  No.

21          THE COURT:  Okay.  Mr. Perlmutter, you're

22  redirecting, at this point, on Mr. Tung's cross and Mr.

23  Browning's testimony.

24  REDIRECT EXAMINATION BY MR. PERLMUTTER:

25      Q    You're 270 pounds on the date of the

**EXHIBIT C**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – CIVIL PART
HUDSON COUNTY
DOCKET NO. HUD-L-003486-13
A.D. # A-001699-15-T2

ARMANDO F. FLORES and          )
MELINDA FLORES,                )
                               )          TRANSCRIPT
          Plaintiffs,   ,      )
                               )             OF
     vs.                       )
                               )           TRIAL
ROBERT BROWNING, et al,        )
                               )
          Defendants.          )

                    Place:  Hudson County
                            Administration Building
                            595 Newark Avenue
                            Jersey City, NJ 07306

                    Date:  October 26, 2015

B E F O R E:

     HONORABLE JEFFREY R. JABLONSKI, J.S.C. AND JURY

TRANSCRIPT ORDERED BY:

     KEVIN K. TUNG, ESQ., (Kevin Kerveng Tung, PC)

A P P E A R A N C E S:

     MITCHELL D. PERLMUTTER, ESQ.,
     (Zavodnick, Perlmutter & Boccia, LLC),
     Attorney for the Plaintiff.

     KEVIN K. TUNG, ESQ.,
     (Kevin Kerveng Tung, PC),
     Attorney for Defendant 38-36 Greenville
     Avenue, LLC.

     ROBERT BROWNING, Pro Se,
     Defendant.

                    Charlene P. Scognamiglio
                    KING TRANSCRIPTION SERVICES
                    3 South Corporate Drive, Suite 203
                    Riverdale, NJ  07457
                    (973) 237-6080
                    Audio Recorded
                    Recording Operator:  A. Morris

10

1   further, sir?

2          MR. PERLMUTTER:  Your Honor, a couple things.

3   Judge, you -- you mentioned Judge Turula's order.  I

4   think judgment should be entered against Mr. Browning

5   because he's already pled guilty to the underlying

6   charge, aggravated assault, and the same proofs

7   actually that were -- were --

8          THE COURT:  Yeah.  A higher standard in the

9   criminal.  That --

10         MR. PERLMUTTER:  -- a higher standard in the

11   criminal --

12         THE COURT:  -- preponderance only --

13         MR. PERLMUTTER:  -- than we have here.

14         THE COURT:  -- being submitted here.  Right.

15         MR. PERLMUTTER:  Right.  So that's why we'd

16   move to enter judgment -- judgment of liability as to

17   Mr. Browning.

18         THE COURT:  Okay.  Thank you, Mr. Perlmutter.

19         Mr. Tung, do you have anything with regard to

20   that application?

21         MR. TUNG:  Your Honor, we don't.

22         THE COURT:  No, no.  Let me -- let me go

23   to --

24         MR. TUNG:  Oh, okay.

25         THE COURT:  And -- and the record should

11

1 reflect that Mr. Tung is here to represent 38-36,

2 excuse me, Greenville Avenue, LLC, which is an adverse

3 party to Mr. Browning.  Which is why he really appears

4 in a self-represented capacity.

5   Mr. Tung, I understand that you looked to Mr.

6 Browning, but you do not represent him.  Okay.  And I

7 don't want to say that he's on his own.  But he'll be

8 on his own substantively with regard to this.

9   And I'll explain what we're -- we're talking

10 about, Mr. Browning, in a second.

11   But, Mr. Tung, as to your client, do you have

12 anything, sir?

13   MR. TUNG:  No, Your Honor.

14   THE COURT:  Okay.  Thank you very much.

15   Mr. Browning, what Mr. Perlmutter has asked

16 me to do is, essentially, find what Judge Turula has

17 already rejected in the motion that was heard before

18 him on Friday.  What Mr. -- and, Mr. Perlmutter, I'm

19 going to summarize, and you can correct me if I'm

20 wrong, Mr. Perlmutter's application is based on the

21 fact that since you pleaded guilty to an aggravated

22 assault, and acknowledged your responsibility in that

23 criminal matter, that a similar determination should be

24 made in this civil matter.  The standards of proof are

25 very different.

12

 1          In a criminal matter, the State would have

 2     been required to prove beyond a reasonable doubt each

 3     and every element of the offense.   That of aggravated

 4     assault.   And if the jury were made -- to be able to be

 5     made -- able to make that determination, then a

 6     Judgment of Conviction would have been entered.   You,

 7     however, pleaded guilty to this inasmuch as you

 8     alleviated the State from its burden of proof.   So

 9     there really wasn't any sort of assessment by any fact

10     finder as to whether those elements have been

11     satisfied.   You agreed to them as a result of that.

12          What Mr. Perlmutter is asking now is this is

13     the standard of proof which is at the lowest end of the

14     spectrum.   Civil -- the criminal standard of proof

15     being the highest beyond a reasonable doubt, as opposed

16     to the preponderance of the evidence standard which is

17     what the plaintiffs have in this case, that a similar

18     determination should be made as to liability.

19          The plaintiffs have the responsibility of

20     proving two things, liability and damages.   Liability

21     for the aggravated -- using the example, liability for

22     the aggravated assault.   And then, if there's a

23     proximate causation, a quantum of damages that would

24     need to be assessed and potentially awarded by the

25     jury.   I'll hear you, sir, if you have any arguments in

13

1    response to Mr. Perlmutter's --

2            MR. BROWNING:  Okay.

3            THE COURT:  -- application.

4            MR. BROWNING:  The -- the one thing I would

5    like to tell you, and I think this is important, is I

6    didn't even know what their side of the story was.

7    Okay.  My attorney never told me what their claims

8    were.  What they said happened, or anything about what

9    their side of the story was.  I didn't know even what I

10   was agreeing to.

11           THE COURT:  Okay.  Well, what -- that fact

12   notwithstanding, Mr. Browning, you did plead guilty,

13   and your plea was accepted, and you were sentenced as a

14   result of that.  What I'm going to find is two.  One

15   from a procedural standpoint and the other from a

16   substantive standpoint.  From a procedural standpoint,

17   I agree with Judge Turula that this matter should have

18   been brought as a summary judgment application to give

19   you an opportunity to respond in writing to what,

20   essentially, is a component of the case that I'm asked

21   to determine at this point.

22           Secondly -- that's more procedural.

23   Secondly, and more substantively, no assessment has

24   been made as to your liability, other than your

25   acknowledgment of your responsibility as part of this

14

1   criminal involvement.  Okay.  The criminal conviction

2   comes in.  Judge Turula has already made the

3   determination, and I agree with his determination that

4   the evidence of the conviction comes in.

5         The import that needs to be given to it is

6   not something that I'm going to excuse the plaintiffs

7   from having to be excused from at this point.  They

8   still have the responsibility of proving their case.

9   And so is it -- inasmuch as no assessment has been made

10  and no determination has been made from any standard of

11  proof, whether it's the preponderance standard or

12  whether it's beyond a reasonable doubt standard, I

13  think would be inappropriate to determine in this case.

14        And for those reasons, Mr. Perlmutter, is

15  denied as to the vesting of liability upon Mr.

16  Browning.

17        Okay.  I'll note that's over your objection.

18        MR. PERLMUTTER:  Okay.

19        THE COURT:  Okay.

20        Okay.  So -- and you had an issue with regard

21  to something else?

22        MR. PERLMUTTER:  Yeah.  With regard to

23  peremptory challenges, Rule 1:8-3(c) says that in civil

24  actions each party shall be entitled to six peremptory

25  challenges.  If the party is represented by the same

# ADMINISTRATIVE OFFICE OF THE COURTS
State of New Jersey

## CERTIFICATION OF TRANSCRIPT COMPLETION AND DELIVERY

## INSTRUCTIONS :

1. Original to the Clerk(Appellate Division or Supreme Court) With all transcript copies pertaining to this case
2. One (1) copy to Deputy Clerk, Appellate Division
3. Requesting Party :KEVIN K. TUNG

| | |
|---|---|
| FLORES, ARMANDO F. AND MELINDA   VS   BROWNING, ROBERT, ET ALS | APPELLATE COURT DOCKET NUMBER: A-001699-15-T2 |
| | LOWER COURT DOCKET NUMBER: L-0003486-13 |
| COUNTY: HUDSON | LOWER COURT: CIVIL |

### TRANSCRIPT INFORMATION

| PROCEEDING DATE | PROCEEDING TYPE | COURT REPORTER / TRANSCRIBER | TRANSMITTED PAGES | TRANSMITTED DATES | REJECTION REASON |
|---|---|---|---|---|---|
| 10/26/2015 | TRIAL | KING TRANSCRIPTION SERVICES - FRANK H. ULRICH | 55 | 01/04/2016 | |
| 10/27/2015 | TRIAL | KING TRANSCRIPTION SERVICES - FRANK H. ULRICH | 262 | 01/04/2016 | |
| 10/28/2015 | TRIAL | KING TRANSCRIPTION SERVICES - FRANK H. ULRICH | 198 | 01/04/2016 | |
| 10/29/2015 | TRIAL | KING TRANSCRIPTION SERVICES - FRANK H. ULRICH | 209 | 01/04/2016 | |
| 11/02/2015 | TRIAL | KING TRANSCRIPTION SERVICES - FRANK H. ULRICH | 134 | 01/04/2016 | |

CERTIFIED BY : *Mary McKay*        on 01/07/2016

Mary Mckay