| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | **Order Filed on October 12,<br>2018 by Clerk, U.S. Bankruptcy<br>Court - District of New Jersey** |
| In re:<br><br>38-36 Greenville Ave L.L.C.,<br><br>　　　　　Debtor. | Case No. 16-15598 (SLM)<br>Chapter 7<br><br>Judge: Hon. Stacey L. Meisel<br><br>**Hearing Date: January 14, 2019** |

**AMENDED ORDER TO SHOW CAUSE AS TO
WHY THIS COURT SHOULD NOT ISSUE SANCTIONS
AGAINST KEVIN KERVENG TUNG, P.C. AND KEVIN K. TUNG, ESQ.,
IN HIS INDIVIDUAL CAPACITY, FOR POTENTIAL VIOLATIONS OF THE NEW
JERSEY RULES OF PROFESSIONAL CONDUCT, THE UNITED STATES
<u>CODE, AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

The relief set forth on the following pages two (2) through four (4) is hereby **ORDERED**.

**DATED: October 12, 2018**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | 38-36 Greenville Ave. L.L.C. |
| Case No.: | 16-15598 (SLM) |
| Caption of Order: | *Order to Show Cause as to Why this Court Should Not Issue Sanctions Against Kevin Kerveng Tung, P.C. and Kevin K. Tung, Esq., in his Individual Capacity, for Potential Violations of the New Jersey Rules of Professional Conduct, the United States Code, and the Federal Rules of Bankruptcy Procedure* |

**THIS MATTER** having been brought by the Court, *sua sponte*, subsequent to the hearing held on November 7, 2017 (the "**Hearing**") on the *Motion to Compel Payment of Administrative Expenses* (Docket No. 100) filed by Kevin Kerveng Tung, P.C. ("**Counsel**"); and for the topics discussed on the record of the Hearing and questions raised by the Court therein related to, among other things,

- the unauthorized transaction wherein Debtor's principal paid Counsel fees either by loan or otherwise on behalf of the Debtor without Court approval (the "**Unauthorized Transaction**"); and

- the misleading and incorrect Monthly Operating Reports filed with the Court wherein Debtor failed to disclose the Unauthorized Transaction;

**IT IS HEREBY ORDERED THAT**:

1. **Counsel** and **Kevin K. Tung, Esq.**, in his individual capacity, ("**Mr. Tung**") shall show cause on **January 14, 2019 at 10:00 AM** in the United States Bankruptcy Court, 50 Walnut Street, Newark, New Jersey, Courtroom 3A, before the Honorable Stacey L. Meisel pursuant to: (i) the New Jersey Rules of Professional Conduct ("**NJRPC**") 1.7(a)(2), 3.3, and any other NJRPC that may be implicated by both Counsel and Mr. Tung's actions in this case; (ii) 11 U.S.C. §§ 105, 327, 328, 330 and any other provision of the United States Code that may be implicated by both Counsel and Mr. Tung's actions in this case; (iii) 28 U.S.C. §1927; and (iv) Federal Rule of

Page 3 of 4
Debtor:            38-36 Greenville Ave. L.L.C.
Case No.:          16-15598 (SLM)
Caption of Order:  *Order to Show Cause as to Why this Court Should Not Issue Sanctions Against Kevin Kerveng Tung, P.C. and Kevin K. Tung, Esq., in his Individual Capacity, for Potential Violations of the New Jersey Rules of Professional Conduct, the United States Code, and the Federal Rules of Bankruptcy Procedure*

---

Bankruptcy Procedure 9011 and any other Federal Rule of Bankruptcy Procedure that may be implicated by both Counsel and Mr. Tung's actions in this case, as to why this Court should not:

(i)   find that Counsel and Mr. Tung breached their fiduciary obligations to the Debtor;

(ii)  find that Counsel and Mr. Tung violated the NJRPC;

(iii) find that Counsel is not and was not disinterested in its representation of the Debtor;

(iv)  terminate Counsel as attorney to the Debtor;

(v)   deny Counsel's Application for Compensation, in its entirety;

(vi)  require Counsel to disgorge attorney's fees previously paid by or on behalf of the Debtor; and

(vii) sanction Counsel and Mr. Tung as deemed necessary and appropriate.

2.    Objections and responsive pleadings to this Order to Show Cause shall be filed by **December 14, 2018**.

3.    Any replies shall be filed by **December 28, 2018**.

4.    Sur-replies and any additional pleadings on the issue that either Counsel and/or Mr. Tung wish to file shall be filed by **January 7, 2019**.

5.    No further submissions shall be filed without written leave of the Court.

6.    Tardily filed submissions shall not be considered or reviewed by the Court unless permitted as set forth in paragraph 5 above.

| | |
|---|---|
| Page 4 of 4 | |
| Debtor: | 38-36 Greenville Ave. L.L.C. |
| Case No.: | 16-15598 (SLM) |
| Caption of Order: | *Order to Show Cause as to Why this Court Should Not Issue Sanctions Against Kevin Kerveng Tung, P.C. and Kevin K. Tung, Esq., in his Individual Capacity, for Potential Violations of the New Jersey Rules of Professional Conduct, the United States Code, and the Federal Rules of Bankruptcy Procedure* |

7. All interested parties with standing to be heard may file pleadings in accordance with the schedule set forth herein.

8. The Court may adjourn the hearing on this matter as necessary, however, the adjournment shall not affect the schedule set forth in this Order unless permitted pursuant to paragraph 5 above.

9. Any party filing a pleading or a compilation of pleadings on this Order to Show Cause that equal or exceed fifty (50) pages—including attachments—shall provide two (2) binders that comply with this Court's individual preferences as indicated on the Court's website, within two days of the electronic filing of said pleading. This paragraph shall be read to mean that every page filed by a party or representative in regards to this Order to Show Cause shall be counted cumulatively toward the total page count so that if two submissions by the same party are less than fifty (50) pages and a third submission by the same party brings the total page count to fifty (50) pages or more, a binder containing all submissions must be provided to the Court two (2) days following the third submission. Joint submissions shall be subject to the terms of this paragraph.